**NOT FOR PUBLICATION**

**FILED**

MAY 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLEIDSON VITORINO SILVA; JULIANA MARCIA NEVES; C. E. C. N., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-1577 <br><br> Agency Nos. <br> A220-558-665 <br> A220-758-581 <br> A220-758-582 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2025[**]
San Francisco, California

Before: BEA and DE ALBA, Circuit Judges, and BROWN, District Judge.[***]

Petitioner Gleidson Vitorino Silva ("Silva"), his wife, Juliana Marcia Neves

("Neves"), and Neves's minor child (together "Petitioners"), natives and citizens of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

Brazil, petition for review of the Board of Immigration Appeals' ("BIA") decision upholding an Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] The applications were predicated on Petitioners' testimony that they fled Brazil because they were being persecuted by Rogerio Ovidio David ("David") due to a business-related dispute. Silva claims that he was persecuted based on his membership in a particular social group defined as "Brazilian business creditors who are owed money by their persecutors." Neves claims that she was persecuted based on her membership in a particular social group defined as "direct relatives of Gleidson Feleciano Vitorino Silva." We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA cites *Burbano* and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Rudnitskyy v. Garland*, 82 F.4th 742, 746 (9th Cir. 2023) (quoting *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)). We review the BIA's factual findings under the highly deferential substantial evidence standard, and review both purely legal questions and mixed questions of law and fact de novo. *See Cordoba v. Holder*, 726 F.3d 1106, 1113 (9th Cir. 2013). "For both asylum and withholding claims, a

---

[1] Initially, Silva's son, Karlos Gabriell Caetano Feliciano-Silva, was included in Silva's removal proceedings, but Silva's son's removal proceedings were severed, and he was removed *in absentia* because he voluntarily returned to Brazil.

petitioner must prove a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (citing *Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021) (asylum) and *Flores-Vega v. Barr*, 932 F.3d 878, 886–87 (9th Cir. 2019) (withholding)). An asylum applicant must demonstrate that a protected ground was "at least one central reason" for her persecution. 8 U.S.C. § 1158(b)(1)(B)(i). A withholding of removal applicant, on the other hand, must prove only that a cognizable protected ground is "a reason" for future persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 359 (9th Cir. 2017).

1. Substantial evidence supports the BIA's determination that Petitioners are not eligible for asylum and withholding of removal. Petitioners failed to identify a nexus between any alleged past persecution or fear of future persecution and a protected ground. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) (recognizing that a "lack of a nexus to a protected ground is dispositive of [a petitioner's] asylum and withholding of removal claims" (citations omitted)). Silva testified that David threatened to harm him because Silva refused to return the uncashed checks to David. Thus, the BIA correctly found that Silva was targeted on account of a personal vendetta and not on account of a protected ground. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (noting that a

personal dispute, standing alone, does not constitute persecution on account of a protected ground).

Likewise, the BIA correctly found that Neves failed to show a nexus between her feared harm and a protected ground. The record shows that David did not target Neves due to her familial relationship with Silva, but rather she was targeted to collect the uncashed checks. Neves testified that prior to Silva's departure to the United States, she was unaware of Silva's and David's negotiations and the details of their dispute. Also, although Neves was part of her claimed social group when David threatened Silva, she testified that she began receiving threats only after David could not locate Silva because he had fled to the United States. She further testified that she was threatened and was the victim of an attempted abduction because David wanted the uncashed checks back. Thus, the BIA correctly found that Silva's dispute with David was personal in nature and Neves's alleged harm stemming from that dispute was retaliatory in nature and was done to coerce Silva to return the uncashed checks. *See Rodriguez-Zuniga*, 69 F.4th at 1020 (upholding the BIA's nexus determination where a robber threatened the petitioner's son not due to his familial relationship but as a means to obtain money). Because the record supports the BIA's nexus determination, Petitioners'

asylum and withholding of removal claims necessarily fail.[2] *See Riera-Riera*, 841 F.3d at 1081.

2. As to CAT protection, the BIA correctly found that Petitioners failed to appeal the IJ's decision denying this protection. Petitioners also failed to raise any arguments before this Court challenging the BIA's finding that they waived their claims under the CAT. Thus, this argument is waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (noting that "arguments not raised by a party in its opening brief are deemed waived").

**PETITION DENIED.**

---

[2] Since the nexus requirement is dispositive of both asylum and withholding of removal claims, we need not review Petitioners' additional claims. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the result they reach." (citation omitted)).